UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KRISTIE ARDEN REILLY d/b/a ARDEN
DESIGNS,

                                            Plaintiff,

                - against -

GENERAL BUILDING LABORERS' LOCAL 66

                                            Defendant.
------------------------------------------------------------------x

18-CV-6510

**COMPLAINT**

ECF CASE

     Plaintiff, KRISTIE ARDEN REILLY d/b/a ARDEN DESIGNS, by her attorneys, EDWARD C. GREENBERG, LLC, allege as follows:

## PARTIES

1. Plaintiff, KRISTIE ARDEN REILLY d/b/a ARDEN DESIGNS (hereinafter "ARDEN" or "Plaintiff") is an individual, named KRISTIE ARDEN REILLY, who is actively engaged and engages in the business of licensing photography in the State of New York, who does business under the names "Kristie Arden" and "Arden Designs", and who resides in this district in Long Beach, New York.

2. Defendant GENERAL BUILDING LABORERS' LOCAL 66 (hereinafter "Defendant" or the "UNION"), is a domestic business corporation duly organized and existing under the laws of the State of New York, with its principal place of business located in the Eastern District of New York, at 1600 Walt Whitman Road, Melville, New York 11747.

## JURISDICTION AND VENUE

3. This is a civil action for copyright infringement.

4. Jurisdiction is conferred upon this Court by 28 U.S.C. Section 1338.

5. Venue in the Eastern District of New York is proper, pursuant to 28 U.S.C. 1400.

1

**FACTS COMMON TO ALL CLAIMS**

6. Plaintiff ARDEN was, and still is, a noted and respected professional photographer.

7. ARDEN has over the years done business through the form and style of "Kristie Arden" and "Arden Designs".

8. ARDEN is a noted and respected professional photographer who is well known among the Long Beach community.

9. ARDEN's photography is well-known among the Long Beach community.

10. ARDEN's photography is well-known as being created by ARDEN among the Long Beach community.

11. ARDEN earns her livelihood from the creation and licensing of her images to permitted third-party licensees for compensation, as well selling her work at various retail outlets.

12. ARDEN has been a professional photographer for 13 years.

13. Plaintiff's photographs have been featured, with permission, on various greeting cards, postcards, matted prints, and other products relating to Long Beach.

THE IMAGE

14. In or around 2011, Plaintiff took a photograph of beach of Long Beach, located in the city of Long Beach, New York, depicting the text "LONG BEACH" written into the sand with the ocean in the background (hereinafter, the "Subject Image" or the "Image", a copy of which is annexed hereto as **Exhibit "A"**).

15. Plaintiff is the sole creator of and hold the copyright in the Subject Image, and duly registered same with the United States Copyright Office on June 13, 2013, with registration number VA 1-968-794 (a copy of the relevant page of said registration is annexed hereto as **Exhibit "B"**).

16. The Subject Image is well known among the Long Beach community.

17. The Subject Image is well known as being created by Plaintiff among the Long Beach Community.

18. The Subject Image has been featured on Plaintiff's website, ardendesigns.com, as well as on greeting cards relating to Long Beach, magnets, postcards and keychains.

19. Plaintiff's website, ardendesigns.com, includes a copyright notice to "Arden Designs".

20. That Subject Image was/is valuable in the marketplace.

THE UNAUTHORIZED USES OF PLAINTIFF'S IMAGE BY DEFENDANT

21. The Subject Image was/is particularly valuable to Defendant.

22. A property developer known as iStar Financial has planned to construct property in Long Beach, NY, the project of which is known as the "Superblock". (hereinafter the "Superblock").

23. The Superblock is known to be a $100 million dollar project.

24. The construction of the Superblock is a hot topic issue among the Long Beach community.

25. A hearing was held at City Hall in Long Beach, New York on April 10, 2018 regarding a variance to the developer of the Superblock, and concerning the development of the Superblock (hereinafter the "City Hall Hearing").

26. Upon information and belief, the UNION was particularly interested in the building of the Superblock as they stood to gain numerous jobs and income from its construction.

27. The City Hall Hearing was a packed house.

28. Upon information and belief, several hundred union members attended the City Hall Hearing.

29. Members of the UNION, attorneys, citizens of Long Beach, politicians including United States Senator Alfonse D'Amato, the press and others attended the City Hall Hearing.

30. In addition to attending the City Hall Hearing, the UNION was protesting outside of City Hall.

31. The UNION parked a box truck outside of City Hall, with a large screen display on the left side of the truck, right side of the truck, and back side of the truck (hereinafter the "Box Truck").

32. The City Hall Hearing occurred at night when the sky was dark.

33. The Box Truck displayed the Subject Image in a brightly lighted display covering almost the entirety of the left side of the truck.

34. The Box Truck displayed the Subject Image in a brightly lighted display covering almost the entirety of the right side of the truck.

35. The Box Truck displayed the Subject Image in a brightly lighted display covering almost the entirety of the back side of the truck.

36. The Subject Image, as displayed on the Box Truck, was altered and modified to display yellow shadowed text across and on top of the top half of the Subject Image, reading "GOOD UNION JOBS BUILD THE SUPERBLOCK".

37. Defendant's use of the Subject Image makes it appear as if ARDEN supports and endorses the construction of the Superblock.

38. Defendant's use of the Subject Images makes it appear as if ARDEN agreed to permit the UNION to use her image to protest its support of the Superblock.

39. The Subject Image was altered and modified without the license, authorization or

consent of Plaintiff.

40. Upon information and belief, the UNION was responsible for all displays of the Subject Image on the Box Truck.

41. Upon information and belief, the Box Truck was lit up by LED screens.

42. Upon information and belief, a computer inside of the Box Truck controlled the display on the screens on the sides of the Box Truck.

43. Upon information and belief, the Box Truck was under the control of the Union when it displayed the Subject Image outside of City Hall.

44. Upon information and belief, the Box Truck was methodically positioned right outside of City Hall on April 10, 2018 so that everyone attending the hearing or in the vicinity would see the Subject Image as altered and modified by Defendant.

45. Defendant's use of the Subject Image on the Box Truck was further published by Channel 12 News thus increasing the exposure of the Subject Image on the Box Truck.

46. Upon information and belief, defendant knew or should have known that press outlets, such as the local news, would be in attendance at the hearing.

47. Upon information and belief, Defendant intended for as many people as possible to view the Subject Image on the Box Truck.

48. Upon information and belief, defendant took videos and/or directed a third party to take videos of their use of the Subject Image on the Box Truck (hereinafter the "Video").

49. Upon information and belief, Local 66 or someone on their behalf, published the Video to Youtube.com.

50. The Video was published to Youtube.com with the title "Local 66 Rallies in Long Beach".

51. The UNION published the Video to the Union website at https://laborers66.com/union-media.

52. Upon information and belief, Defendant intended for as many people as possible to view the Subject Image on the Box Truck.

53. Defendant used the Subject Image on its website to illustrate, promote, market, bring attention to, and advertise defendant's support of the building of the Superblock and increase of union jobs.

54. Copies of the Subject Image as used by the UNION on the box truck, as displayed by Channel 12 News, and as displayed on the UNION website are annexed hereto as **Exhibit "C".**

55. Defendant has employed, published and distributed the Subject Image without Plaintiff's license, authorization or consent.

56. The full nature and extent of all infringing uses by defendant of the Subject Image are unknown to Plaintiff, as of this writing, said information being within the sole knowledge, custody, and control of Defendant.

57. The details and information regarding the scope of defendant's use of the Subject Image are expected to be ascertained through discovery in this action.

58. The above described uses of the Subject Image by Defendant commercially benefits the Defendant.

59. Upon information and belief, Defendant purposely selected the Subject Image for its use.

60. Upon information and belief, Defendant knew and had actual knowledge that it lacked Plaintiff's license, authorization and consent to use the Subject Image as complained of herein.

61. Defendant never sought nor obtained a license from plaintiff to use the Subject Image

for any purpose, whatsoever.

62. No one on behalf of defendant ever sought, or obtained, a license, authorization or consent from plaintiff to use the Subject Image for any purpose, whatsoever.

63. Plaintiff never granted Defendant any license, authorization or consent to use the Subject Image as complained of herein.

64. Defendant has employed the Subject Image for its own commercial benefit with knowledge that they had not secured a license to do so.

65. Defendant used the Subject Image for its own economic advantage and to the detriment of Plaintiff.

## ADDITIONAL FACTS RELEVANT TO ALL CLAIMS

66. On July 3.2018 Plaintiff's counsel sent a letter to Defendant regarding Defendant's unauthorized use of Plaintiff's Subject Image (a copy of said letter sans its exhibits, which are elsewhere annexed to this Complaint, is annexed hereto as **Exhibit "D"**).

67. Pursuant to Federal Rule 11, Plaintiff has sought to obviate judicial intervention and the filing of suit.

68. Plaintiff, through her counsel, has made multiple efforts to discuss and attempt to resolve the matter with defendant, via its counsel.

69. Plaintiff's attempts at a non-judicial resolution of this matter were unsuccessful.

70. Defendant failed resolve the issue of unauthorized use of the Subject Image on its website.

71. Defendant has failed to provide compensation to Plaintiff for its uses of the Subject Image without a license, authorization or consent, in violation of the exclusive rights granted to Plaintiff as the copyright holder.

72. As of the date of this Complaint, the parties have been unable to resolve the matter.

73. Plaintiff is committed to protecting her copyright in the Subject Image.

74. That Defendant has no defenses at law to the claims set forth herein.

75. Paragraphs "1" through "74" are incorporated by reference with respect to each of the below claims for relief.

### FIRST CLAIM FOR RELIEF
Copyright Infringement
Under Section 501-505 of the Copyright Act

76. The use of Plaintiff's Subject Image by the Defendant, in connection with https://laborers66.com/union-media, was and is without Plaintiff's authorization, license or consent.

77. That, upon information and belief, the aforementioned acts of Defendant constitute federal statutory copyright infringement under Section 501 of the Copyright Act in violation of the rights granted to Plaintiff as copyright holder.

78. That, upon information and belief, Defendant's use of the Subject Image was willful, intentional and in bad faith.

79. That, upon information and belief, Defendant's use of the Subject Image in violation of Plaintiff's copyright was negligent in that it knew or should have known that it was without a license for the use(s) complained of herein.

80. That, upon information and belief, Defendant has actual and/or constructive knowledge and/or through the exercise of ordinary business care and/or the examination of public records, knew or should have known that Plaintiff held the copyright in the Subject Image, that Defendant never had a license, consent, or authorization by Plaintiff for the use of Plaintiff's Subject Image on its website by Defendant, and that any such use would be in violation of Plaintiff's copyright.

81. That as a result of Defendant's acts, Plaintiff has been and will continue to be damaged in an amount as yet to be determined.

82. That as a result of Defendant's copyright infringement of Plaintiff's Subject Image, Plaintiff is entitled to damages, attorneys' fees and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 et., seq., and as an alternative to statutory damages, Plaintiff, at her election prior to judgment is entitled to recover her actual damages and any additional profits of the Defendant, attributable to the infringement as under 17 U.S.C. Sections 504 (a)-(b).

83. Plaintiff is similarly entitled to an injunction under 17 U.S.C. 502, permanently enjoining and prohibiting the Defendant from utilizing the Subject Image in any manner.

## JURY DEMAND

84. That Plaintiff requests a trial by jury of all issues.

**WHEREFORE**, Plaintiff demands judgment as against the Defendant as follows:

**ON THE FIRST CLAIM FOR RELIEF**- (A) Award to Plaintiff her actual damages incurred as a result of Defendant's infringement, and all profits realized as a result of its infringement, in amounts to be determined at trial; or (B) in the alternative, at Plaintiff's election, award to Plaintiff the maximum statutory damages pursuant to 17 U.S.C. § 504 for each separate and distinct act of infringement, and for an order of injunction permanently enjoining and prohibiting the Defendant from employing or utilizing in any manner or media whatsoever, including all future uses, sales, transfers, assignments, or licensing of any and all of Plaintiff's copyrighted images, pursuant to 17 U.S.C. § 502 and for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505;

Prejudgment interest on all sums due;

And such other and further relief as this Court may deem just and proper inclusive of any and all relief or remedies allowable by the statutes referenced above or applicable hereinabove.

Dated: New York, New York
November 15, 2018

Yours, etc.,

s/Edward C. Greenberg (EG 5553)
Edward Greenberg, Esq. (EG 5553)
EDWARD C. GREENBERG, LLC
570 Lexington Avenue, 19th Floor
New York, NY 10022
Tel: (212) 697-8777
Fax: (212) 697-2528
*Attorneys for Plaintiff*